UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RAMIZA S., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security Administration, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)** <br> **(DOC. NO. 15)** <br><br> Case No. 2:23-cv-00161 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Ramiza S.[1] has filed a motion for attorney fees under 42 U.S.C. § 406(b).[2] The Commissioner opposes the motion, arguing it is premature.[3] As explained below, because the Commissioner has not yet calculated Ms. S.'s total past-due benefits, the motion is denied as premature.

Ms. S. brought this action for judicial review of the Commissioner's decision denying her claim for disability benefits.[4] On April 17, 2023, the court reversed the decision and remanded the case for further administrative proceedings.[5] On December

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in court orders in certain cases, including social security cases, the court refers to the plaintiff by her first name and last initial only.

[2] (Pl.'s Appl. for Att'y Fees Under 42 U.S.C. Sec. 406(b) ("Mot."), Doc. No. 15.)

[3] (Def.'s Obj. to Pl.'s Appl. for Att'y Fees Under 42 U.S.C. § 406(b), Doc. No. 16.)

[4] (*See* Compl., Doc. No. 4.)

[5] (Order Granting Def.'s Unopposed Mot. to Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Doc. No. 11; J. in a Civ. Case, Doc. No. 12.)

27, 2023, an ALJ found Ms. S. disabled, and the agency did not appeal.[6]  On February 19, 2024, the agency issued a notice of award for past-due supplemental security income benefits in the amount of $3,569.02.[7]  However, the agency has not yet calculated the amount of past-due disability insurance benefits.[8]  On June 24, 2024, Ms. S. filed the instant motion for attorney fees under 42 U.S.C. § 406(b), arguing the court should award fees based on her counsel's "estimate" of what the ultimate past-due benefit award will be.[9]

    Ms. S.'s motion is premature.  When a court renders judgment in a claimant's favor, 42 U.S.C. § 406(b) permits an award of attorney fees to the claimant's counsel "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."[10]  Because fees are capped at twenty-five percent of the past-due benefits award, attorney fees under § 406(b) "cannot be quantified until the past-due benefits are finally calculated."[11]  Thus, in the Tenth Circuit, "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the

---

[6] (*See* Mot. 2, Doc. No. 15.)

[7] (*See id.*)

[8] (*See id.*)

[9] (*See id.* at 2–3; Attach. D to Mot., "Estimate of Social Security Calculations using SSA's PIA," Doc. No. 15-4.)

[10] 42 U.S.C. § 406(b)(1)(A).

[11] 10 Moore's Federal Practice—Civil § 54.151(g) (2024).

Commissioner's decision awarding benefits."[12] Other courts in this circuit have concluded a motion for attorney fees under § 406(b) filed before the final calculation of past-due benefits is premature.[13] Ms. S. cites no authority to the contrary, and she cites no authority supporting her request to award attorney fees based on her counsel's "estimate" of the past-due benefits.

Because it is premature, Ms. S.'s motion for attorney fees[14] is denied without prejudice.

DATED this 7th day of August, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[12] *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006); *see also* 10 Moore's Federal Practice—Civil § 54.151(g) (2024) (describing a circuit split regarding the timing of motions for attorney fees under § 406(b)).

[13] *See Harrison v. Colvin*, No. 14-cv-02339, 2015 U.S. Dist. LEXIS 132649, at *63–64 (D. Kan. Sept. 30, 2015) (unpublished); *Hayes v. Chater*, No. 95-4123, 1996 U.S. Dist. LEXIS 6574, at *4 (D. Kan. Apr. 9, 1996) (unpublished).

[14] (Doc. No. 15.)