UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RAMIZA S., <br><br>        Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of the Social Security Administration, <br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART APPLICATION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)** <br> **(DOC. NO. 23)** <br><br> Case No. 2:23-cv-00161 <br><br> Magistrate Judge Daphne A. Oberg |

Ramiza S.'s[1] attorney, John Borsos, has filed an application for attorney fees under 42 U.S.C. § 406(b), seeking $11,000.[2] The Commissioner filed a response neither supporting nor opposing this request.[3] For the reasons explained below, the motion is granted in part and denied in part. The court awards $7,000 in attorney fees under 42 U.S.C. § 406(b).

BACKGROUND

On February 14, 2022, Ms. S. retained Mr. Borsos on a contingent-fee basis to represent her in her claims for social security benefits before this court.[4] In a written fee

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in court orders in certain cases, including social security cases, the court refers to the plaintiff by first name and last initial only.

[2] (Pl.'s Appl. for Att'y Fees Under 42 U.S.C. Sec. 406(b) (Appl.), Doc. No. 23.)

[3] (Def.'s Resp. to Pl.'s Pet. for Att'y's Fees Under 42 U.S.C. § 406(b) (Resp.), Doc. No. 27.)

[4] (*See* Ex. 5 to Appl., Att'y Fee Agreement, Doc. No. 25-5.)

agreement, Ms. S. and Mr. Borsos agreed the contingency fee would be twenty-five percent of past-due benefits awarded to Ms. S. in this case.[5]

Mr. Borsos filed this action for judicial review of the Commissioner's denial of benefits on March 6, 2023.[6] On April 17, 2023, before any briefing on the merits was filed, the Commissioner filed an unopposed motion to remand the case for further proceedings.[7] The court granted the motion the same day.[8] Ms. S. then sought $1,500 in attorney fees under the Equal Access to Justice Act[9] (EAJA).[10] The court granted the motion and awarded Ms. S. the requested amount, payable to counsel.[11]

On remand, an administrative law judge issued a fully favorable decision on Ms. S.'s claim in December 2023.[12] In March 2025, the agency issued a notice of award stating Ms. S. was entitled to past-due benefits of $52,722, but $13,180.50 (twenty-five percent) would be withheld for payment of attorney fees.[13]

Mr. Borsos then filed this application asking the court authorize attorney fees of $11,000 under 42 U.S.C. § 406(b), for all work done for Ms. S. at the federal and

---

[5] (*Id.*)

[6] (*See* Compl., Doc. No. 4.)

[7] (Def.'s Unopposed Mot. to Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Doc. No. 10.)

[8] (*See* J. in a Civil Action, Doc. No. 12.)

[9] 28 U.S.C. § 2412(d).

[10] (Stip. Mot. for an Award of Att'y Fees Pursuant to EAJA, Doc. No. 13.)

[11] (Order Granting Stip. Mot. for an Award of Att'y Fees Pursuant to EAJA, Doc. No. 14.)

[12] (*See* Ex. 1 to Appl., Notice of Decision, Doc. No. 25-1.)

[13] (Ex. 2 to Appl., Notice of Award 4, Doc. No. 25-2.)

administrative levels.[14] Because Mr. Borsos has already received $1,500 in EAJA fees, he requests that the balance of $9,500 be paid to him from Ms. S.'s past due benefits.[15] In support of his fee application, Mr. Borsos provided billing records indicating 8.75 attorney hours were logged for work on Ms. S.'s case.[16]

## LEGAL STANDARDS

Section 406(b) provides that an attorney who successfully represents a Social Security claimant in court may be awarded "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits."[17] In *Gisbrecht v. Barnhart*,[18] the Supreme Court indicated that section 406(b) requires district courts to review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases."[19] The Court noted that within the twenty-five percent boundary set by Congress, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."[20] In other words, courts must assess the reasonableness of the contingent-fee agreement and may reduce the amount of fees where warranted.[21]

---

[14] (Appl. ¶ 8, Doc. No. 23.)

[15] (*Id.* ¶ 9.)

[16] (Doc. No. 29-1; *see also* Appl. ¶ 13(d)–(e), Doc. No. 23 (stating Mr. Borsos is seeking attorney fees for 8.75 hours).)

[17] 42 U.S.C. § 406(b)(1)(A).

[18] 535 U.S. 789 (2002).

[19] *Id.* at 807.

[20] *Id.*

[21] *See id.* at 808.

The Court provided several examples of what would cast doubt on the reasonableness of the contingent-fee agreement and merit a reduced fee.  First, the fee award may be reduced "based on the character of the representation and the results the [attorney] achieved."[22]  Second, "[i]f the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."[23]  Third, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."[24]

ANALYSIS

Mr. Borsos' fee request does not exceed the twenty-five percent threshold in § 406(b).  But a total fee award of $11,000 is excessive based on the final *Gisbrecht* factor.[25]  The other two factors raise no concern.  First, based on the record, the character of Mr. Borsos' representation of Ms. S. and the results achieved were not substandard.  Mr. Borsos' work resulted in remand of this case to the Commissioner, and a significant award of past-due benefits for Ms. S. at the administrative level.  Second, there is no indication Mr. Borsos delayed pursuing Ms. S.'s claims.  Mr. Borsos filed this case only three weeks after being retained and did not seek any extensions.

However, under the third factor, a fee award of $11,000 is excessive compared to the amount of time spent on the case.  Mr. Borsos (or others at his firm) spent 8.75

---

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *See* 535 U.S. at 807–08.

attorney hours on this case, translating to an hourly rate of $1,257.14.[26] Mr. Borsos argues this rate is reasonable considering his qualifications, experience, and the risk of not receiving any fees under contingent-fee agreements in social security cases.[27] But this is well beyond the range courts have found reasonable in this jurisdiction in other social security cases with contingent-fee agreements. For example, in *Gulbransen v. Colvin*,[28] a court granted a fee request resulting in an hourly rate of $862.88, noting this was "on the high-end" of reasonable.[29] Other courts have found fee awards resulting in lower hourly rates reasonable.[30] But Mr. Borsos has not cited (and the court has not found) any § 406(b) fee award in this jurisdiction approving an hourly rate exceeding that of *Gulbransen*—which is still substantially lower than the $1,257.14 hourly rate Mr. Borsos requests here. Indeed, one court deemed a similar hourly rate of $1,246.40

---

[26] (*See* Appl. ¶ 13(e), Doc. No. 23.)

[27] (*Id.* ¶ 13.)

[28] No. 2:12-cv-00107, 2015 U.S. Dist. LEXIS 55176, at *5 (D. Utah Apr. 27, 2015) (unpublished).

[29] *Id.* at *4.

[30] *See e.g.*, *Jensen v. Dudek*, No. 2:23-cv-00036, 2025 U.S. Dist. LEXIS 71828, at *3 (D. Utah Apr. 15, 2025) (unpublished) (approving $761 hourly rate); *Ryan v. O'Malley*, No. 1:22-cv-00102, 2024 U.S. Dist. LEXIS 100039, at *3 (D. Utah June 3, 2024) (unpublished) (approving a $600 hourly rate); *see also Russell v. Astrue*, 509 F. App'x 695, 696 (10th Cir. 2013) (unpublished) (finding the district court did not abuse its discretion when reducing a contingent-fee award because the total requested fee would amount to $611.53 per hour); *Gordon v. Astrue*, 361 F. App'x 933, 936 (10th Cir. 2010) (unpublished) (finding the district court did not abuse its discretion by reducing a contingent-fee award because it would have resulted in a high hourly rate, and instead entering an hourly rate of $300).

unreasonable and adjusted the award downward.[31] Accordingly, a downward adjustment is appropriate here.

The court reduces the attorney fee award under § 406(b) to $7,000, which results in an hourly rate of $800. This is near the high end of the range courts in this jurisdiction have found reasonable, and adequately accounts for Mr. Borsos' risk of not receiving any fees under the contingent-fee agreement. With this adjustment, the attorney fees are reasonable.

Ordinarily, an attorney who receives fee awards under both § 406(b) and the EAJA must refund the smaller fee to the client.[32] Here, rather than refunding the $1,500 EAJA fee, Mr. Borsos proposes subtracting the EAJA fee from the gross fee award under § 406(b) and ordering a net payment for the remainder.[33] The order below reflects this proposal, which the Commissioner does not oppose.[34]

## CONCLUSION

Mr. Borsos' application[35] is granted in part and denied in part. Mr. Borsos is awarded attorney fees pursuant to 42 U.S.C. § 406(b) in the gross amount of $7,000.

---

[31] *Brown v. Colvin*, No. 2:16-cv-00758, 2020 U.S. Dist. LEXIS 233664, at *4 (D. Utah Dec. 10, 2020) (unpublished). The *Brown* court ultimately approved a $711.38 hourly rate. *Brown v. Colvin*, No. 2:16-cv-00758, 2021 U.S. Dist. LEXIS 7574, at *4–5 (D. Utah Jan. 13, 2021) (unpublished).

[32] *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [the EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotation marks omitted)).

[33] (*See* Appl. ¶ 9, Doc. No. 23.)

[34] (*See* Resp. 2, Doc. No. 27.)

[35] (Doc. No. 23.)

Mr. Borsos may retain the $1,500 in fees previously awarded under the EAJA in partial satisfaction of the § 406(b) award.  This leaves a net amount of $5,500 due to Mr. Borsos.

DATED this 17th day of October, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge